**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JEREMY BARATTA,<br><br>    Plaintiff,<br><br>    v.<br><br>COUNTY OF OCEAN, et al.,<br><br>    Defendants. | CIVIL ACTION NO. 10-362 (MLC)<br><br>**O P I N I O N** |

**THE PRO SE PLAINTIFF**, Jeremy Baratta, originally brought the action against seventeen named defendants and sixty fictitious defendants. (See dkt. entry no. 1, Compl.) The Court, following review of the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), allowed the plaintiff to prosecute certain claims, but only insofar as they were asserted against the Township of Toms River, the Toms River Police Department, Captain Stephen Henry, and Detective Louis A. Santora (collectively, "the Viable Defendants"). (See dkt. entry no. 3, 11-22-10 Order & J.; dkt. entry no. 2, 11-22-10 Op.)[1]

**THE MAGISTRATE JUDGE** entered a Report and Recommendation in this action on March 20, 2013 ("R&R"), recommending that the Court dismiss the Complaint. (See dkt. entry no. 29, R&R.) The Court has reviewed the R&R, wherein the Magistrate Judge details the

---

[1] The Court also allowed the plaintiff to prosecute the action against some of the fictitious defendants. (See dkt. 11-22-10 Order & J.; 11-22-10 Op.)

plaintiff's failure to: (1) respond to the Viable Defendants' discovery requests; (2) abide by the Magistrate Judge's explicit instructions; and (3) respond to an Order to Show Cause, which required the plaintiff to demonstrate why the Complaint should not be dismissed. (See id. at 1-2.) The Magistrate Judge analyzed the plaintiff's failures pursuant to the factors set forth in Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863 (3d Cir. 1984). (See id. at 3-6.)

**THE COURT** finds the R&R to be both well-reasoned and thorough, and agrees with the Magistrate Judge that the plaintiff's repeated failures warrant dismissal. The Court thus intends to adopt the R&R as the Court's findings of fact and conclusions of law, and dismiss the Complaint.

**THE COURT** notes that a copy of the R&R was sent to the plaintiff by certified mail at his last known address, which the plaintiff provided. (See dkt. entry no. 30-1, Certified Mail Receipt.) That copy was returned as undeliverable. (See dkt. entry no. 31, Mail Returned (stamped "Return to Sender," "Unclaimed,", and "Unable to Forward").) The Court has considered that the plaintiff, who has not received a copy of the R&R, has been deprived of the opportunity to object thereto. The Court concludes, however, that the plaintiff has deprived himself of that opportunity. Pro se litigants have an obligation to monitor the

docket sheet to inform themselves of the entry of orders and other filings.  See, e.g., United States ex rel. McAllan v. City of New York, 248 F.3d 48, 53 (2d Cir. 2001); see also Abulkhair v. Liberty Mut. Ins. Co., 405 Fed.Appx. 570, 573 n.1 (3d Cir. 2011) (demonstrating that pro se litigants have an obligation to monitor the docket).  Had the plaintiff monitored the docket at any time since March 20, 2013, he could have availed himself of the opportunity to file objections to the R&R.

**THE COURT** deems the plaintiff, a seasoned litigant in federal courts, to be familiar with the electronic docketing system employed here, i.e., the Case Management and Electronic Case Filing system ("CM/ECF").  The plaintiff has commenced several actions in this court, both here and before the Bankruptcy Court.  See, e.g., Baratta v. HVM, LLC, D.N.J. Dkt. No. 11-4278; Baratta v. HVM, LLC, D.N.J. Dkt. No. 11-4833; In re Baratta, D.N.J. Bankr. Dkt. No. 12-25597; In re Baratta, D.N.J. Bankr. Dkt. No. 12-25341.  Because the plaintiff is not a stranger to the federal filing system, he is or should have been aware of his affirmative duty to monitor the docket.  Similarly, he is or should have been aware of his duty to notify the Court of any change of address.  See L.Civ.R. 10.1(a); cf. Binsack v. Lackawanna Cnty. Dist. Attorney's Office, No. 08-1166, 2011 WL 5840314, at *1 (M.D. Pa. Nov. 21, 2011).

**THE COURT,** for good cause appearing, will enter an appropriate Order and Judgment.

                                          s/ Mary L. Cooper
                                      **MARY L. COOPER**
                                      United States District Judge

Date:     June 11, 2013